LYLE G. KOCH, APPELLANT, V. FRIEDEN CONSTRUCTION COMPANY, APPELLEE.

422 N.W.2d 354

Filed April 21, 1988.    No. 87-819.

Richard Scott, for appellant.

Richard R. Endacott of Knudsen, Berkheimer, Richardson & Endacott, for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and GITNICK and GARDEN, D. JJ.

WHITE, J.

This is an appeal from an order of dismissal entered by a three-judge panel of the Nebraska Workers' Compensation Court after rehearing.

It is undisputed that appellant, Lyle G. Koch, was employed by Frieden Construction Company on January 28, 1985. On that date Koch sustained an injury to his left ankle in an employment-related accident. Over the course of the summer of 1985 Koch's ankle was treated with two different leg casts, steroid injections, anti-inflammatory injections, and analgesic injections. In late August of 1985, after removal of the second cast, Koch began noticing pain in his left knee. From November 6, 1985, until January of 1987, Koch underwent three surgeries of the left knee.

Prior to August 2, 1985, Koch filed a petition in the Workers' Compensation Court seeking benefits for temporary total disability and payment of hospital and medical expenses. Following a hearing, a single judge entered an order, dated December 12, 1985, awarding Koch benefits for temporary total disability of $200 per week, and ordered defendant to pay medical expenses as set forth in the award.

In that award the court found the facts to be as follows:

> On January 28, 1985, the plaintiff was in the employ of the defendant as a laborer and while so employed and on said date and while engaged in the duties of his employment *he suffered injuries to his left ankle with subsequent complications of the left knee* as a result of an accident arising out of and in the course of his employment by the defendant when the plaintiff jumped off a low-boy trailer and landed on a pipe, twisting his ankle; as a result of said accident and injury the plaintiff incurred hospital and medical expense and was temporarily totally disabled from January 29, 1985, to October 22, 1985, the date of the hearing, and thereafter through November 21, 1985; since the extent of permanent partial impairment is not yet determinable, the Court reserves to the plaintiff the right to file a further petition herein if the parties are unable to agree on the nature or extent of permanent partial disability.

(Emphasis supplied.) No appeal was had from the 1985 award, and the award became final.

On or about September 15, 1986, defendant-appellee's insurer refused to provide further compensation payments and refused to reimburse Koch for any further medical treatments. On December 19, 1986, Koch filed a second petition in the Workers' Compensation Court, seeking reinstatement of benefits. The petition alleged that the matters in dispute involved the "extent of injury and term of disability."

A hearing was held on this second petition on February 20, 1987. On March 16, 1987, an order of dismissal was entered by the court. Upon rehearing to a three-judge panel, the order of dismissal was affirmed. Plaintiff appeals from the order dismissing his second petition.

Clearly, the December 1985 award "reserve[d] to the plaintiff the right to file a further petition," if necessary, to determine the nature and extent of permanent partial disability. Koch's second petition was seeking just such a determination; however, the hearing on that second petition (as well as the rehearing) went well beyond an assessment of the nature and extent of Koch's disability. The Workers' Compensation Court reopened

the question of "whether the plaintiff sustained an injury to his left knee as a result of the accident of January 28, 1985." A reexamination of that issue was improper.

The question considered by the court at the 1987 hearing on the second petition had already been answered in December of 1985. As noted earlier in this opinion, the court made a finding of fact in the December 1985 award that Koch "suffered injuries to his left ankle *with subsequent complications of the left knee . . . .*" (Emphasis supplied.) As previously mentioned, neither party appealed the 1985 award. Therefore, the findings of the court in the 1985 order are conclusive upon all parties. Neb. Rev. Stat. § 48-178 (Cum. Supp. 1986).

Appellee argues that the award left open the issue of whether Koch's knee injury was caused by or related to the ankle injury. In support of this view it cites the following language from the 1985 award: "The defendant should pay or reimburse the plaintiff for the reasonable expense of his recent knee surgery upon a showing that the same was necessitated by the ankle injury."

We admit that the above-quoted language is confusing when compared to the language cited earlier in this opinion regarding the injuries suffered by Koch. We do not agree, however, that the language cited by appellee left open the causation issue in relation to the knee injury.

As stated previously, the question of whether Koch's work-related accident *caused* an injury to his left knee has been answered and is conclusive. The question of whether the particular knee injury sustained was related to any surgery or medical expense is a different matter. Obviously, defendant's insurer need not reimburse Koch for any specific surgery that was necessary for some reason other than his work-related accident.

Defendant's insurer apparently reimbursed Koch for his first knee surgery, the posthearing surgery referred to in the December 1985 order, without any further judicial mandate or determination. Koch is now seeking compensation for nearly $11,000 in further medical expenses, presumably related to continuing problems with his left knee.

The Workers' Compensation Court acted in excess of its

powers when it dismissed Koch's second petition based on a finding that "plaintiff has failed to prove by a preponderance of the evidence that his accident of January 28, 1985, caused the injury to his knee . . . ." Koch already proved that issue in December 1985. We therefore reverse the order of dismissal on rehearing and order that plaintiff's petition be reinstated. We remand this cause for further proceedings to determine whether the $11,000 in medical expenses, or some part thereof, was incurred by Koch as a result of the work-related knee injury. In addition, plaintiff is entitled to a determination as to the nature and extent of any permanent partial disability resulting from his injuries.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.